UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| FRANCIS OBIORA ENWONWU,　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　　　Plaintiff,　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　　　　) | 2:24-cv-00055-SDN |
| 　　　　　　　　　　　　　　　　　　　)<br>INTERINSURANCE EXCHANGE　　　　　)<br>OF THE AUTOMOBILE CLUB,　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　　　Defendant.　　　　　　　　) | |

## **ORDER**

Plaintiff Francis Enwonwu sued his car insurance company, the Interinsurance Exchange of the Automobile Club (more commonly known as AAA[1]), after it denied a claim. Prior to the denial, Mr. Enwonwu had failed to make payments on his insurance policy, so AAA cancelled it. A few weeks later, Mr. Enwonwu called AAA to reinstate his policy. He falsely told AAA he had not been in any accidents while the policy had lapsed, so AAA reinstated his policy retroactively. In fact, just two hours before he had called AAA to reinstate his policy, Mr. Enwonwu had been in a car accident. When AAA learned of Mr. Enwonwu's deceit, it refused to pay the claim and cancelled Mr. Enwonwu's insurance policy.

Mr. Enwonwu claims AAA was wrong to deny his claim and cancel his policy. Now, AAA moves for summary judgment. Mr. Enwonwu, who represents himself, also filed his own motion for summary judgment, although for the reasons discussed further below, that motion is untimely and procedurally improper. For the following reasons, AAA's motion is granted and Mr. Enwonwu's motion is denied.

---

[1] The defendant refers to itself in filings as AAA, so I do too.

1

## FACTUAL BACKGROUND

### I.  Local Rule 56

Before laying out the facts, I briefly address Mr. Enwonwu's failure to abide by District of Maine Local Rule 56. Local Rule 56 governs summary judgment motions by outlining a basic process litigants must follow. First, the movant must support their motion with "a separate, short, and concise statement of material facts, each fact in a separately numbered paragraph." D. Me. Local R. 56(b). Each statement must be "stated simply and directly" and "supported by a record citation." *Id.*

Then, the opponent must submit their own "short[] and concise statement of material facts." D. Me. Local R. 56(c). In doing so, the opponent must respond to the movant's statement by admitting, denying, or qualifying each of the movant's facts, with "reference to each numbered paragraph." *Id.* If the opponent adds new, additional facts, the movant gets a chance to reply. D. Me. Local R. 56(d).

This process exists for a reason. Summary judgment is a unique device that "allows courts and litigants to avoid full-blown trials in unwinnable cases, thus conserving the parties' time and money," and saving judicial resources. *Calvi v. Knox Cnty.*, 470 F.3d 422, 427 (1st Cir. 2006) (quoting *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995)). At the same time, "litigants with marginal or unwinnable cases" can abuse the summary judgment device to hide behind the mountains of evidence even simple cases can produce. *Id.* Local rules like ours help "dispel the smokescreen" and focus the court's attention "on what is—and what is not—genuinely controverted." *Id.*

The First Circuit therefore has repeatedly "emphasized the importance of local rules similar to Local Rule 56." *Caban Hernandez v. Philip Morris USA, Inc.*, 486 F.3d 1, 7 (1st Cir. 2007) (referring to the District of Puerto Rico's local rule). And the First Circuit

2

has repeatedly cautioned that "litigants ignore them at their peril." *Id*. When the party opposing summary judgment fails to comply with the local rules, a district court is free "to accept the moving party's facts as stated." *Id*.

Mr. Enwonwu did not file an opposing statement of material facts that complies with Local Rule 56(c). While his response to AAA's motion occasionally cites AAA's statement of material facts, it does not clearly admit or deny any particular facts.

To be sure, courts endeavor to treat unrepresented litigants like Mr. Enwonwu with a large degree of leniency. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). At the same time, it is not fair to defendants if courts perform "the plaintiff's work of identifying whether there are any triable issues of fact." *Kristiansen v. Town of Kittery*, No. 18-cv-00420, 2021 WL 4073273, at *4 (D. Me. Sept. 6, 2021) (R&R). A court "must be able to rely on procedural rules so as to avoid becoming the lawyer for the unrepresented plaintiff." *Clarke v. Blais*, 473 F. Supp. 2d 124, 129 (D. Me. 2007).

This is particularly true where an unrepresented party is actually aware of the procedural rules they disregard. Mr. Enwonwu notes in his opposition that "the Court's procedural order required . . . that plaintiff *separately* file[] a statement of material facts in support of its opposition to defendant's summary judgment." ECF No. 48 at 4 (emphasis added).[2] Instead of doing so, however, Mr. Enwonwu "point[ed] out to this Court false fabrication[s] used by this defendant in supporting their alleged recorded evidence in their 'DSMF'[,] referenced herein." *Id*. This is insufficient.

Because Mr. Enwonwu failed to comply with Local Rule 56(c) by improperly responding to AAA's statement of material facts, I deem those facts admitted. *Caban*

---

[2] I use the page numbers on the bottom of Mr. Enwonwu's opposition brief rather than the page numbers in the ECF header.

3

*Hernandez*, 486 F.3d at 7. Nonetheless, because Mr. Enwonwu is an unrepresented litigant, I "have reviewed the broader record to satisfy myself that it supports" what AAA says it does. *Murray v. Walmart Stores Inc.*, No. 15-CV-00484, 2019 WL 6689900, at *5 (D. Me. Dec. 6, 2019).

## II.   The Facts

AAA issued Mr. Enwonwu an auto insurance policy on November 18, 2021. DSMF ¶ 1.[3] He did not pay his premium on time as required by the policy. *Id.* ¶ 2. On December 28, 2021, AAA sent him a letter confirming his failure to pay and warning him that AAA would cancel his policy if it did not receive payment by January 16, 2022. *Id.* ¶¶ 2–3; ECF No. 46-3 (notice letter). On January 7, 2022, AAA representatives emailed and called Mr. Enwonwu to remind him, leaving voice messages on his phone, DSMF ¶ 4, but he did not respond to the letters, emails, or phone calls. *Id.* ¶ 5. Nor did he pay his premium by January 16, 2022. *Id.* Accordingly, on that day, AAA cancelled Mr. Enwonwu's policy and sent him a cancellation notice. *Id.* ¶ 6; ECF No. 46-4 (notice of cancellation).

Two weeks later, on January 29, 2022, at 4:45 p.m., Mr. Enwonwu called AAA and asked to have his insurance policy reinstated. DSMF ¶ 7. To determine whether reinstatement was appropriate, AAA asked Mr. Enwonwu on the call whether he had been in any car accidents in the time between January 16th (when his policy was cancelled) and his call on January 29th (when he sought reinstatement). *Id.* ¶ 8. Mr. Enwonwu claimed he had not been in any accidents during that period. *Id.* ¶ 9. Based on that representation, AAA reinstated his policy with retroactive effect to January 16th. *Id.* ¶¶ 10, 12.

---

[3] DSMF refers to the Defendant's Statement of Material Facts, ECF No. 44.

Contrary to what he had told AAA, Mr. Enwonwu had been in a car accident at approximately 2:45 p.m. on January 29, 2022, just two hours before he called AAA to reinstate his policy. *Id.* ¶ 11. The other vehicle in the accident was owned by Audet Enterprises, Inc., which filed a claim against Mr. Enwonwu on January 30, 2022. *Id.* AAA's underwriting team reviewed the matter and determined that Mr. Enwonwu's misrepresentations materially affected AAA's ability to insure him. *Id.* ¶¶ 13, 14. Indeed, AAA would not have retroactively reinstated Mr. Enwonwu's policy had it known about the accident. *Id.* ¶¶ 16, 18. Accordingly, for that reason alone, AAA cancelled Mr. Enwonwu's policy again and denied Audet's claim. *Id.* ¶¶ 20–22, 25; *see* ECF No. 48-6 at 1 (notice of claim denial).

## PROCEDURAL HISTORY

Mr. Enwonwu sued AAA on February 23, 2024. ECF No. 1. After some back and forth between Mr. Enwonwu and the Court regarding motions to proceed without prepayment of fees and costs, *see* ECF Nos. 2, 4, 6—10, and an Order to Show Cause, *see* ECF Nos. 11—14, the Court ordered the U.S. Marshal to attempt service by waiver on May 6, 2024, ECF No. 16. AAA waived service, ECF No. 18, and answered Mr. Enwonwu's complaint on July 10, 2024, ECF No. 19.

The Court issued a scheduling order on July 12, 2024, with discovery due November 29, 2024, written notices of intent to file summary judgment motions and requests for pre-filing conferences due December 6, 2024, and motions due December 20, 2024. ECF No. 22. AAA timely filed its notice of intent to file summary judgment motion and request for pre-filing conference pursuant to District of Maine Local Rule 56(h) on November 15, 2024. ECF No. 35. Thereafter, the Court entered a procedural order setting deadlines for briefing AAA's motion for summary judgment, ordering AAA's

5

motion, the summary judgment record, and statement of material facts due on January 15, 2025, Mr. Enwonwu's responses due on February 28, 2025, and AAA's replies due on March 17, 2025. ECF No. 40. In response to the procedural order, the Court received an "opposition" from Mr. Enwonwu on January 6, 2025, ECF No. 42, which is discussed below.

AAA filed its motion for summary judgment, along with the record and its statement of material facts on January 15, 2025. ECF Nos. 43—46. The Court received Mr. Enwonwu's opposition to AAA's motion on February 21, 2025. ECF No. 48. AAA replied on March 17, 2025. ECF Nos. 49—50. The Court received Mr. Enwonwu's motion for summary judgment on March 25, 2025. ECF No. 51. AAA filed its opposition to Mr. Enwonwu's motion on April 2, 2025, ECF No. 53, and the Court received Mr. Enwonwu's reply on May 16, 2025, ECF No. 55. Before me, then, are Mr. Enwonwu's "opposition" to the procedural order, ECF No. 42, AAA's motion for summary judgment, ECF No. 43, and Mr. Enwonwu's motion for summary judgment, ECF No. 51.

## DISCUSSION

### I.     Mr. Enwonwu's "Opposition"

The Court received Mr. Enwonwu's "opposition" on January 6, 2025. ECF No. 42. As AAA points out in its response in opposition to this filing, *see* ECF No. 47 at 1, it is difficult to parse what, if anything, Mr. Enwonwu is asking from the Court through his "opposition." The filing is styled as "Plaintiff's Files Opposition, To This Court's Response. With Defendants' Notice of Intent to File Summary Judgment, Because Plaintiff's Failure to Oppose * Such Basis for Summary Judgment Constitutes Waiver of This Argument, Here Where 'Loss Causation Rested Heavily on the Defendant's Extracontractual Changes Made Solely Within The AAA's Cooperation Breaching Plaintiff's Contract Policy

6

Declaration on policy No. MEAA170705860 Expiration Date 05-18-2022.'" ECF No. 42 (cover page). I have reviewed Mr. Enwonwu's "opposition" filing at ECF No. 42 and I do not construe this filing as a request for relief from the Court. Accordingly, I DISMISS ECF No. 42.

## II. Mr. Enwonwu's Motion for Summary Judgment

Per the Magistrate Judge's July 12, 2024, scheduling order, written notices of intent to file summary judgment motions were due by December 6, 2024, ECF No. 22, and pretrial motions by December 20, 2024. *Id.* Mr. Enwonwu did not file a written notice of his intent to file a summary judgment motion as required by District of Maine Local Rule 56(h), and he filed his motion for summary judgment on March 25, 2025, over three months after the motions deadline. Because Mr. Enwonwu's motion for summary judgment is procedurally improper and untimely, I DISMISS Mr. Enwonwu's motion for summary judgment (ECF No. 51).

## III. AAA's Motion for Summary Judgment

### A. Summary Judgment Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if a rational factfinder could resolve it in favor of either party. *Rando v. Leonard*, 826 F.3d 553, 556 (1st Cir. 2016) (quoting *Borges ex rel. S.M.B.W. v. Serrano-Isern*, 605 F.3d 1, 4-5 (1st Cir. 2010)). A fact is material if it could affect the outcome of the case. *Tang v. Citizens Bank, N.A.*, 821 F.3d 206, 215 (1st Cir. 2016) (quoting *Pérez-Cordero v. Wal-Mart P.R., Inc.*, 656 F.3d 19, 25 (1st Cir. 2011)). The moving party "bears the initial burden of showing that no genuine issue of material fact exists." *Feliciano-Muñoz v. Rebarber-Ocasio*, 970 F.3d 53, 62 (1st Cir. 2020). Then, the

burden shifts to the non-moving party to show "specific facts sufficient to deflect the swing of the summary judgment scythe." *Tang*, 821 F.3d at 215 (quoting *Mulvihill v. Top-Flite Golf Co.*, 335 F.3d 15, 19 (1st Cir. 2003)). Mere "conclusory allegations, improbable inferences, and unsupported speculation" will not suffice to create a genuine dispute of material fact. *Doe v. Trs. of Bos. Coll.*, 892 F.3d 67, 92-93 (1st Cir. 2018) (quoting *LeBlanc v. Great Am. Ins. Co.*, 6 F.3d 836, 842 (1st Cir. 1993)).

## B. Analysis

In its motion for summary judgment, AAA argues the majority of Mr. Enwonwu's complaint should be stricken because it "is replete with argument and scurrilous allegations and fails to put [AAA] on notice of the claims actually being asserted against it." ECF No. 43 at 12. Indeed, Mr. Enwonwu's complaint contains mostly incoherent rambling and does not clearly delineate what claim or claims he is asserting against AAA. *See generally* ECF No. 1. Bearing in mind the leniency I am required to extend pro se litigants, I have examined Mr. Enwonwu's complaint for which claims, if any, Mr. Enwonwu pled with enough clarity to put AAA on notice of the claims against it. I construe Mr. Enwonwu's complaint as alleging the following claims because he references these claims by title several times throughout the complaint: breach of contract, unfair trade practices, punitive damages, breach of the duty of good faith and fair dealing, and unlawful race discrimination in violation of 42 U.S.C. § 1981. *See id.* As discussed above, Mr. Enwonwu failed to properly controvert AAA's statement of material facts, nor did he provide his own conforming statement of material facts, therefore I deem AAA's statement of material facts admitted in its entirety. *See* D. Me. Local R. 56(g)(1). Accordingly, I apply those facts to Mr. Enwonwu's claims to determine if there is a triable issue of fact.

Mr. Enwonwu claims AAA breached its insurance contract with him when it refused coverage for his January 29, 2022, motor vehicle accident and rescinded his policy. *See* ECF No. 1 at 3. Under the Maine Insurance Code, insurers may cancel an insurance policy for nonpayment of premium effective ten days after the insured's receipt of notice of the cancellation. 24-A M.R.S. § 2908. Mr. Enwonwu failed to timely pay his premium under the policy, so on December 28, 2021, AAA sent correspondence to Mr. Enwonwu informing him that if he did not pay his premium by January 16, 2022, his policy would be cancelled. DSMF ¶¶ 2—3. AAA also left voicemail messages and sent emails to Mr. Enwonwu warning him of the impending cancellation for nonpayment, but he did not respond or otherwise pay his premium by January 16, 2022, therefore AAA cancelled his policy for nonpayment of premium on January 16, 2022. *Id.* ¶¶ 4—6. It is fundamental to a breach of contract claim that there must be a contract to breach. The undisputed facts demonstrate there was no contract between Mr. Enwonwu and AAA to insure his loss at the time of the January 29, 2022, motor vehicle accident.[4] Accordingly, AAA is entitled to summary judgment on Mr. Enwonwu's claim for breach of contract.

Mr. Enwonwu's remaining claims are similarly defective. An insurer does not engage in an unfair trade practice or breach the implied duty of good faith and fair dealing when it takes an action it is legally entitled to take, here, the cancellation of Mr. Enwonwu's insurance policy for nonpayment of premium. *See* 24-A M.R.S. § 2908 (providing insurers may cancel an insurance policy for nonpayment of premium). The

---

[4] The fact that AAA temporarily reinstated Mr. Enwonwu's policy on January 29, 2022, with no lapse in coverage does not alter my analysis. AAA was entitled to, and did, rescind the contract due to Mr. Enwonwu's fraudulent representation that he had not been involved in any motor vehicle accidents in the interim between the cancellation and reinstatement. *See* DSMF ¶¶ 7—20; *Herrin v. Libbey*, 36 Me. 350, 357 (1853) (contracts may be rescinded under Maine law if the contract was obtained by false and fraudulent representations).

undisputed facts do not support an inference AAA cancelled Mr. Enwonwu's policy because of his race. *See Fantini v. Salem State Coll.*, 557 F.3d 22, 33-34 (1st Cir. 2009) (discrimination because of race is a required showing under 42 U.S.C. § 1981). Punitive damages is not a standalone claim. *Paquin v. MBNA Marketing Sys., Inc.*, 233 F.Supp.2d 58, 69 (D. Me. 2002). For these reasons, I GRANT AAA's motion for summary judgment and enter judgment for Defendant AAA.

## CONCLUSION

Mr. Enwonwu's "opposition" at ECF No. 42 does not request relief from the Court and is therefore DISMISSED. Mr. Enwonwu's motion for summary judgment (ECF No. 51) is both procedurally improper and untimely and is therefore DISMISSED. Because there is no dispute of material fact on any of Mr. Enwonwu's claims and AAA has demonstrated it is entitled to judgment as a matter of law, AAA's motion for summary judgment (ECF No. 43) is GRANTED.

**SO ORDERED.**

Dated this 19th day of September, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**